UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MORRIS WEATHERSPOON,

        Plaintiff,                    Case No. 2:14-cv-108

v.                                          Honorable Robert Holmes Bell

C. WILLIAMS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Berlinger, MacLaren, Armstrong and Curley. The Court will serve the complaint against the remaining Defendants.

**Discussion**

  I.  Factual allegations

Plaintiff presently is incarcerated at the Muskegon Correctional Facility but complains of events that occurred at the Kinross Correctional Facility (KCF). In his *pro se* complaint, Plaintiff sues the following KCF employees: Nurses C. Williams and Penny Rogers; Sergeants L. Schwesinger, B. Johnson and K. Esslin; Corrections Officers B. Mastaw, R. Beaudion, J. Thibault and Unknown McDowell; Resident Unit Manager M. Dicken; Assistant Resident Unit Manager Marquita Marlette; Warden Duncan MacLaren; Deputy Warden K. Olson; Grievance Coordinators Jim Armstrong, L. Berlinger and Mike Curley; Dentist Charles Simons; Dental Hygienist Kimberly Franckowiak; Captain Unknown Raffaele; and Nurse and/or Medical Service Providers Unknown Part(y)(ies).

Plaintiff lists his constitutional claims against Defendants in chronological order from 2012 to 2013. Between September 11, 2012 and January 3, 2013, Plaintiff alleges that Defendant Berlinger denied him access to the courts. Plaintiff states that while he was on modified grievance access, Berlinger improperly rejected grievances and denied Plaintiff grievance forms so that he could not exhaust his administrative remedies.

On September 16, 2012, Plaintiff was placed in the segregation housing unit. Plaintiff feared that he would be assaulted, raped or murdered by other prisoners in segregation. Plaintiff complains that Defendants Thibault, McDowell and Esslin retaliated against him by falsifying a Class I Misconduct Report for possession of a weapon to keep Plaintiff in segregation because Plaintiff filed grievances against their peers. The misconduct ticket was eventually dismissed for

failing to follow Michigan Department of Corrections (MDOC) Policy Directive 03.03.105, "Prisoner Discipline" (effective Apr. 9, 2012). (*See* Ex. to Compl., docket #1-2, Page ID#32.)

On October 15, 2012, and October 26, 2012, Plaintiff alleges that Defendants Simons and Franckowiak, respectively, withheld urgent and routine dental care from Plaintiff so that his teeth and gums deteriorated. Plaintiff explains that he has on-going health problems with gums bleeding and swelling. He also suffers excruciating pain while brushing his teeth and eating his food due to his lack of dental care. Because Defendants Simons and Franckowiak denied Plaintiff's prescribed dental treatments, Plaintiff complains that he was unable to have his teeth cleaned and receive dentures.

On December 8, 2012, Plaintiff claims that Defendants Schwesinger, Olson, Marlette, Dicken, Johnson and Mastaw retaliated against him by filing a false request for protection because Plaintiff filed grievances against their peers. Also, on December 8, 2012, Plaintiff claims that Defendants Beaudion and Raffaelle retaliated against him by fraudulently filing a misconduct report in order to keep him in the segregation housing unit. Plaintiff was eventually found guilty of the misconduct ticket.

While confined in the segregation housing unit between December 8, 2012, and January 3, 2013, Plaintiff claims that he suffered from an "(abscessed) left leg femur [and endures] severe and intense ache, pain and discomfort when walking, sitting, excercis[ing] and [sleeping]." (Compl., docket #1, Page ID#7.) Plaintiff states that Defendants Williams, Unknown Parties, Rogers, Schwesinger, Dicken, Johnson, Mastaw, Beaudion and Raffaelle denied medical care and pain medication for Plaintiff's leg.

On January 3, 2013, Plaintiff claims that Defendants MacLaren, Armstrong and Curley retaliated against him by denying Plaintiff access to the courts. Plaintiff complains that Defendants improperly rejected Plaintiff's grievances and placed Plaintiff on modified access so as to prevent Plaintiff from exhausting his administrative remedies. Plaintiff states that he was prevented from pursuing "nonfrivolous claims [and/or] claims for relief that [were] arguable in law and fact." (*Id.*, Page ID#8.)

In his complaint, Plaintiff summarizes his legal claims as follows: Defendants Unknown Parties, Schwesinger, Dicken, Johnson, Mastaw, Beaudion, Olson, MacLaren, Williams, Thibault, McDowell, Esslin, Marlette, Simons, Franckowiak and Rogers violated his Eighth Amendment rights by failing to provide adequate medical care; Defendants Schwesinger, Dicken, Johnson, Mastaw, Beaudion, Raffaele, MacLaren, Thibault, Olson, Berlinger, McDowell, Esslin, Marlette, Armstrong and Curley retaliated against him in violation of his First Amendment rights; Defendants Olson, Simons, Rogers, Franckowiak, Schwesinger, Dicken, Johnson, Mastaw, Beaudion, Raffaele, MacLaren, McDowell, Esslin, Marlette, Armstrong, Thibault, Berlinger and Curley violated Plaintiff's due process rights; and Defendants Schwesinger, Dicken, Johnson, Berlinger, Mastaw, Beaudion, Raffaele, Curley, Armstrong, MacLaren, Thibault, McDowell, Esslin, Marlette and Olson violated Plaintiff's First Amendment right to access the courts. (Compl., docket #1, Page ID##9-10.)

For relief, Plaintiff requests monetary damages.

II.     <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

-4-

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment - Defendant MacLaren

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims).

Plaintiff claims that Warden MacLaren violated his Eighth Amendment rights by not providing him adequate medical care. Plaintiff, however, has not alleged any facts as to how Warden MacLaren denied him medical care. Notably, Plaintiff only mentions his Eighth Amendment claim against MacLaren in the conclusory summation of his legal claims. (*See* Compl., docket #1, Page ID#9). Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff fails to state an Eighth Amendment claim against MacLaren.

To the extent Plaintiff is asserting that Defendant MacLaren is liable as a supervisor for his subordinates' actions, Plaintiff also fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat

superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant MacLaren engaged in any active unconstitutional behavior to violate his Eighth Amendment rights. Accordingly, he fails to state an Eighth Amendment claim against Defendant MacLaren.

### B. First and Fourteenth Amendments - Defendants Berlinger, MacLaren, Armstrong and Curley

Plaintiff complains that Defendants Berlinger, MacLaren, Armstrong and Curley retaliated against him by denying him access to the courts. Plaintiff explains that Defendants improperly rejected Plaintiff's grievances and placed Plaintiff on modified access[1] in order to prevent him from exhausting his administrative remedies.

---

[1] Under MDOC policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language . . .or is found guilty of [a] misconduct for filing an unfounded grievance . . . ." MICH. DEP'T OF CORR. Policy Directive 03.02.130, ¶ HH. (effective July 9, 2007). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner can only obtain grievance forms through the Step I Grievance Coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ KK.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith,* 250 F.3d at 1037; *Shehee,* 199 F.3d at 300–301. Plaintiff, however, fails the second prong of a retaliation claim. *See Thaddeus-X*, 175 F.3d at 394. Plaintiff cannot demonstrate that Defendants Berlinger, MacLaren, Armstrong and Curley engaged in an adverse action when they rejected his grievances and placed him on modified access.

First, Defendants' rejection of Plaintiff's grievances did not prevent Plaintiff from filing additional grievances. In several MDOC memos regarding Plaintiff's abuse of the grievance process, the MDOC compiled a list of the grievances Plaintiff had filed. For example, eight grievances are listed in a April 30, 2012 memo, thirteen grievances are listed in a September 7, 2012 memo, and eight grievances are listed in a January 2, 2013 memo. (*See* Ex. to Compl., docket #1-2, Page ID##59, 61, 63.) Obviously, Plaintiff continued to file grievances regularly regardless of the outcome of the grievances. Even if Plaintiff had been improperly prevented from exhausting his

grievances through the three-step grievance process, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable retaliation claim for the rejection of his grievances.

Moreover, Plaintiff's placement on modified access did not prevent him from filing grievances. The Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim. *See, e.g., Jackson v. Madery,* 158 F. App'x 656, 660 (6th Cir. 2005); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. 2001); *Corsetti,* 24 F. App'x at 241. Placement on modified access does not prohibit an inmate from utilizing the grievance process. *Walker,* 128 F. App'x at 445; *Corsetti v. McGinnis,* 24 F. App'x 238, 241 (6th Cir. 2001). An inmate may still submit grievances to the Step I Grievance Coordinator, who reviews the grievance to determine whether it complies with institutional rules regarding the filing of grievances. *See* MDOC Policy Directive 03.02.130, ¶ KK. There is nothing constitutionally improper about this review process for a prisoner who has demonstrated an inability to properly utilize the grievance process in the past. Even though Plaintiff was on modified access, he still attempted to file grievances. (*See* Ex. to Compl., docket #1-2, Page ID #60.) Further, a prisoner's right of access to

the courts to petition for redress of his grievances cannot be compromised by his inability to file an institutional grievance. *See* 42 U.S.C. § 1997e(a); *see also Lewis,* 518 U.S. at 351-55; *Bounds,* 430 U.S. at 821–24; *Walker*, 128 F. App'x at 446. As a result, being on modified grievance access did not deprive Plaintiff of the ability to file a lawsuit.

To the extent Plaintiff complains that Defendants Berlinger, MacLaren, Armstrong and Curley violated his due process rights by rejecting his grievances and placing him on modified access, he also fails to state a claim. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker,* 128 F. App'x at 445; *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

In light of the foregoing, Plaintiff's allegations against Defendants Berlinger, MacLaren, Armstrong and Curley fail to state First and Fourteenth Amendment claims.

### C. Service

At this stage of the proceedings, the Court will serve Plaintiff's complaint against the remaining Defendants.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Berlinger, MacLaren, Armstrong, and Curley will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against the remaining Defendants.

An Order consistent with this Opinion will be entered.


Dated: May 6, 2015                                 /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE