UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.

Case No. 2:14-cv-108
HON. ROBERT HOLMES BELL

C. Williams, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Morris Weatherspoon, a prisoner incarcerated in the Marquette Branch Prison, filed this 42 U.S.C. § 1983 action, naming 20 Defendants and asserting multiple claims against unrelated Defendants. Defendants filed a motion to sever based on misjoinder of parties and claims (ECF No. 33).

Plaintiff sued L. Berlinger for denial of access to the courts. That claim has been dismissed. Plaintiff alleges that in September, 2012, Defendants Thibault, McDowell, and K. Esslin retaliated against him by filing a false Class I misconduct ticket for possession of a weapon. Plaintiff argues that this false misconduct ticket was issued to keep him in segregation because he was filing grievances against Defendants' peers. Plaintiff alleges that on October 15, 2012, Defendant dentist Charles Simons denied him care; and, on October 26, 2012, Defendant dental hygienist Kimberly Franckowiak denied him care. Plaintiff alleges that Defendants Schwesinger, Olson, Marlette, Dicken, Johnson and Mastaw retaliated against him by submitting a false request for protection in response to Plaintiff's grievance filings. Plaintiff alleges that Defendants Beaudion and Raffaele retaliated against him by submitting a false misconduct ticket in order to keep Plaintiff in

segregation. Plaintiff claims that he was denied medical care for an abscess in his leg by Defendants Williams, Rogers, Schwesinger, Dicken, Johnson, Mastaw, Beaudion and Raffaele. In January, 2013, Plaintiff asserts that Defendants MacLaren, Armstrong, and Curley retaliated against him by denying him access to the courts. Defendants assert that Plaintiff improperly joined unrelated claims in one cause of action. Defendants argue that only a single claim should proceed in this case and all other unrelated claims should be dismissed.

Federal Rule of Civil Procedure 20(a)(2) permits the joinder of defendants in one action under certain circumstances:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in this action.

Thus "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In *George,* the court severed unrelated claims:

> "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing

> fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*Id.*

Where a plaintiff improperly joins claims and defendants, Federal Rule of Civil Procedure 21 provides that the court may "on just terms" either (1) add or drop parties or (2) sever the claims against the parties. *Kitchen v. Heyns*, 802 F.3d 873, 875 (6th Cir. 2015). "To remedy misjoinder, . . . a court may not simply dismiss a suit altogether." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). "Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" *Id.* (citation omitted). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *Id.* This court has severed unrelated claims in prisoner civil rights actions by dismissing the unrelated claims and parties without prejudice so that the plaintiff can file new causes of action in separate lawsuits. *Alexander v. Fillion*, 2:15-cv-13, (ECF No. 95) (W.D. Mich. October 7, 2015); *Cary v. Robinson*, 13-cv-431, (ECF No. 47) (W. D. Mich. Sept. 23, 2014), *Carney v. Treadeau*, 07-cv-83, (ECF No. 52) (W.D. Mich 2008).

In doing so, the court should be mindful of a party's ability to resubmit dismissed claims in new causes of action. As Judge Neff pointed out in *Crawford v. Prison Health Services*, 1:12-cv-409 (ECF No. 46) (W.D. Mich. 2012):

> At least three judicial circuits have interpreted "on terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F. 3d 741, 745 (8th Cir. 2008). (quoting *Elmor v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)) see also *DirectTV, Inc.*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandland*, 532 F.3d at 746; *DirectTV*, 467 F.3d at 846-47; *Michaels Building Co.*, 848 F.2d at 682.

*Id.* at 5, PageID. 545. Clearly, dismissal of parties or claims could cause a statute of limitations problem. However, in this case dismissal without prejudice will not cause a timing problem because the statute of limitations for § 1983 claims in Michigan is three years. *Id.* Plaintiff's earliest claims accrued in September 2012. Plaintiff filed this lawsuit on May 15, 2014. Michigan law tolls the "limitation period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 App'x 610, 611 (6th Cir. 2003). Plaintiff has sufficient time to re-file his dismissed claims if he chooses to do so.

Therefore, it is recommended that the court dismiss Plaintiff's misjoined claims without prejudice. The first mentioned remaining claim is against Defendants Thibault, McDowell and Esslin for retaliation in submitting a false Class I Misconduct Report for possession of a weapon to keep Plaintiff in segregation solely because he had filed previous grievances. It is recommended that this court allow that claim to proceed in this action and all other claims and parties should be dismissed.

Accordingly, it is recommended that Defendants' Motion to Sever Based Upon Misjoinder of Parties and Claims (ECF No. 33) be granted and that Defendants Williams, Schwesinger, Dicken, Johnson, Mastaw, Beaudion, Raffaele, Marlette, Olson, Simons, Franckowiak, Rogers, and unknown parties be dismissed from this action without prejudice.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 9, 2015  /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE