UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.

Case No. 2:14-cv-108
HON. ROBERT HOLMES BELL

J. THIBAULT, et al.,

    Defendant(s).
_____/

REPORT AND RECOMMENDATION

    Plaintiff Morris Weatherspoon, an inmate at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. Plaintiff's original complaint asserted unrelated claims. The Court dismissed the unrelated claims and parties due to misjoinder. The remaining claim is for retaliation against Defendants Thibault, McDowell, and K. Esslin. Plaintiff alleges that Defendants issued a false Class I misconduct ticket for possession of a weapon. Plaintiff alleges that the misconduct ticket was issued to keep him in segregation, because Plaintiff was filing grievances against Defendants' peers. Defendants move for dismissal of Plaintiff's claims, asserting the defense of qualified immunity. Fed. R. Civ. P. 12(b)(6). Defendants concede that Plaintiff has stated a claim upon which relief may be granted, but argue that Plaintiff cannot show a violation of clearly established law. Defendants argue that Plaintiff has failed to plead that he submitted non-frivolous grievances that could support a claim of retaliation.

    A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything

alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

In Plaintiff's complaint, he claims that he engaged in the protected conduct of filing grievances and that Defendants retaliated by issuing a misconduct ticket against him for the possession of a weapon. Defendants claim that they are entitled to the defense of qualified immunity because Plaintiff's complaint does not specifically allege that the grievances he filed against Defendants' peers were nonfrivolous. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not

2

violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's

3

alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Although filing grievances satisfies the protected conduct necessary to support a retaliation claim, frivolous grievances are not protected under the First Amendment. *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010). A prisoner is afforded some leeway in pleading a First Amendment retaliation claim.

> Hill's complaint states that he filed grievances against the prison staff at McCreary "for being abusive." Whether the grievances are frivolous cannot presently be determined because there are no details about those grievances beyond Hill's allegation. But this court has held that a prisoner's complaint can survive screening under §§ 1915A and 1915(e)(2)(B) even if the complaint fails to allege that the prisoner's grievances are not frivolous. *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (rejecting the Michigan Department of Correction's argument that the prisoner had engaged in only unprotected conduct by filing a grievance because he failed to plead that his grievance was not frivolous.) Moreover, Hill's allegations are to be construed in the light most favorable to him at his early stage of the proceedings. See id. at 437.
>
> Hill's complaint therefore establishes the protected-conduct element when scrutinized under the failure-to-state-a-claim standard. See *Ashcroft v. Iqbal*, [556] U.S. [662], 129 S.Ct.1937, 1949-50, 173 L.Ed.2d 868 (2009).

*Id.* at 472.

In the opinion of the undersigned, as Defendants concede, Plaintiff has stated a claim for retaliation in his complaint that cannot be dismissed under a failure to state a claim for relief standard. Plaintiff's assertion that he engaged in protected conduct by filing grievances is sufficient for purposes of stating a claim of retaliation in his complaint. While Defendants may ultimately show that Plaintiff's grievance filings were actually frivolous and unprotected, by filing

4

a properly supported motion for summary judgment, Plaintiff has satisfied his burden at the early stages of this lawsuit.

Accordingly, it is recommended that Defendants' Motion to Dismiss based upon qualified immunity (ECF No. 54) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      August 31, 2016             /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE