UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

File No. 2:14-cv-108

v.

HON. ROBERT HOLMES BELL

C. WILLIAMS et al.,

    Defendants.

_____/

**MEMORANDUM OPINION AND ORDER**
**<u>ADOPTING THE REPORT AND RECOMMENDATION</u>**

On August 31, 2016, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that Defendants' motion to dismiss on the basis of qualified immunity be denied. Plaintiff and Defendants have filed objections to the R&R.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

    **A. Plaintiff's Objections**

For reasons that are not clear, Plaintiff objects to the denial of Defendants' motion. Plaintiff apparently claims that the Court ignored allegations of deliberate indifference, but the only claim at issue in the R&R is a retaliation claim. Thus, Plaintiff's objections are irrelevant and will be denied.

    **B. Defendants' Objections**

Plaintiff alleges that Defendants retaliated against him for filing grievances, and Defendants acknowledge that Plaintiff has stated a retaliation claim. Nevertheless, Defendants contend that they are entitled to qualified immunity because Plaintiff has not alleged sufficient facts to plead a clearly-established violation. Defendants note that the filing of grievances which violate prison regulations is not protected conduct. They contend that there is a possibility that Plaintiff's grievances did not comply with prison regulations, because he was placed on modified access to the grievance process. Thus, according to Defendants, Plaintiff must do more than merely plead that he filed grievances; he must plead specific facts about the grievances that he filed to demonstrate that he engaged in protected conduct. Defendants contend that it is Plaintiff's burden to demonstrate that he can overcome the affirmative defense of qualified immunity, and that he has not done so.

Defendants' argument is without merit. Plaintiff has alleged a viable retaliation claim based on a right that is clearly established. Plaintiff is not required to plead more specific details about his claim in order to avoid Defendants' affirmative defense of qualified immunity. In effect, Defendants seek to revive a heightened pleading standard that was rejected by the Court of Appeals many years ago. In *Veney v. Hogan*, 70 F.3d 917 (6th Cir. 1995), the Court of Appeals held that

> when a plaintiff pleads his claim in generalized "notice" form, and the defense of qualified immunity is asserted through a motion to dismiss, the plaintiff is required to respond to that defense. If his original complaint is deficient in that regard, he must amend his complaint to include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity. For example, if the original complaint alleged that a police officer "used excessive force," and qualified immunity is asserted, then plaintiff would be required to

> amend with allegations of evidence sufficient to demonstrate that the force used against him was, indeed, unreasonable. It is in this sense that a heightened standard attaches to plaintiff's pleading.

*Id.* at 922. The "heightened standard" in *Veney* is essentially what Defendants seek to impose on Plaintiff in this action, but this standard was abrogated in *Goad v. Mitchell*, 297 F.3d 497, 505 (6th Cir. 2002). *Hughlett v. Romer-Sensky*, 98 F. App'x 360, 364 (6th Cir. 2004). Thus, the Court will not apply it in this case.

Defendants also object to the magistrate judge's denial of a motion to stay discovery. Defendants sought to delay discovery until their motion to dismiss was resolved. Because the Court has resolved the motion to dismiss, Defendants' motion to stay discovery is moot. In short, Plaintiff's and Defendants' objections will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's and Defendant's objections to the Report and Recommendation of the Magistrate Judge (ECF Nos. 68, 75) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 64) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss on grounds of qualified immunity (ECF No. 54) is **DENIED**.


Dated: October 17, 2016                    /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      UNITED STATES DISTRICT JUDGE