UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.                                                  Case No. 2:14-cv-108
                                                      HON. GORDON J. QUIST

J. THIBAULT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a motion for injunction (ECF No. 112) and a motion for injunction enforcement and to declare a state of emergency (ECF No. 128).  Defendants filed a response (ECF No. 131).  Plaintiff requests that the Court order MDOC "officials not to destroy and or cause destruction to the plaintiffs being, legal and personal including legal exhibits and other legal documents required and necessary for litigation such as legal photocopies of interrogatories, admissions and health records protected and copied in plaintiff's presence and stop the retaliation, conspiracy, harassment, and oppressive treatment . . . ."  PageID.460.  Plaintiff requests that the Court forbid the use of a taser during Plaintiff's transportation to Court proceedings.  Plaintiff asserts that MDOC officials are "trigger happy."

Plaintiff requests that the Court declare a state of emergency and the stop the MDOC from taking unlawful action and engaging in unequal treatment.  Plaintiff requests that the Court place him on parole or transfer him to the Brooks level at the Muskegon Correctional Facility. Plaintiff asserts that there exists a likelihood of a serious risk of harm if he remains imprisoned in administrative segregation.  Plaintiff claims that he being refused dentures. Plaintiff believes that his food is being tampered with.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Moreover, Plaintiff has not requested

injunctive relief against the Defendants. Plaintiff requests a transfer to a new prison, an order of parole, and orders that prison officials should no longer violate his rights. Plaintiff's remaining claim is for retaliation against Defendants Thibault, McDowell, and K. Esslin. Plaintiff asserts that these Defendants issued Plaintiff a false misconduct ticket for possession of a weapon. Plaintiff has failed to seek injunctive relief against any of the named Defendants. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motions (ECF No. 112 and No. 128) for injunctive relief be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   March 14, 2017                        /s/ Timothy P. Greeley
                                               TIMOTHY P. GREELEY
                                               UNITED STATES MAGISTRATE JUDGE