UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.

                            File No. 2:14-cv-108

J. THIBAULT et al.,                HON. GORDON J. QUIST

    Defendants.
                                       /

## **ORDER**

This is an action under 42 U.S.C. § 1983 by a prisoner proceeding *pro se*. Before the Court is Plaintiff's motion to recuse the judge assigned to this matter (ECF No. 92), and Plaintiff's motion for more time to file objections to a Report and Recommendation of the magistrate judge (ECF No. 138).

    1. Recusal

In the motion for recusal, Plaintiff contends that the undersigned will not give him a fair trial in this case because Plaintiff was not given a fair trial by the undersigned in another case, *Weatherspoon v. Toner*, No. 2:13-cv-254 (W.D. Mich.). He claims that the undersigned is biased against him and racial minorities, and is involved in a "criminal enterprise" with the state prison system. (Mot. to Disqualify, ECF No. 92, PageID.382.) According to Plaintiff, the undersigned has expressed "enmity, animus, discrimination, medical judgment, personal and professional views toward [him] declaring the hate of [his] action(s) and the hate to conduct prison cases of prisoners[.]" (*Id.* at PageID.381.) Plaintiff asserts that the undersigned "threaten[ed] [P]laintiff not

to file civil action[s] in the [federal court] because the Judges hate the plaintiff [sic] cases that filed in multiple [federal cases] and none in state courts." (*Id.*) Plaintiff further contends that the undersigned has a personal relationship with prison staff and had some sort of financial interest in the outcome of the proceedings in the *Toner* case.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The provision requires a judge to *sua sponte* recuse himself if he knows of facts that would undermine the appearance of impartiality. *Youn v. Track, Inc.*, 324 F.3d 409, 422-23 (6th Cir. 2003); *Liteky v. United States*, 510 U.S. 540, 547-48 (1994). In addition, 28 U.S.C. § 144 requires that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." An affidavit filed under § 144 must "allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990). The alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Extrajudicial conduct encompasses only "personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Youn*, 324 F.3d at 423 (internal quotation marks omitted). "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. *Id.* (citing *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989)); *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985)).

Plaintiff's assertions of bias are wholly conclusory and lacking in support. Indeed, Plaintiff raised a similar claim of bias on appeal from the judgment in the *Toner* case, but the court of appeals found that his claim was "conclusory and appears rooted more in Weatherspoon's dissatisfaction with the district court's rulings than in fact." *Weatherspoon v. Toner*, No. 15-2446, slip op. at 7-8 (6th Cir. Oct. 4, 2016). The Court reaches the same conclusion here, and finds that recusal is not warranted.

2. Extension of Time

Plaintiff also requests an extension of time to file objections to a Report and Recommendation (R&R) entered by the magistrate judge, which denied Plaintiff's request for a preliminary injunction. In his motion for an extension of time, which was filed almost 14 days after the R&R was filed, Plaintiff asserts that he needs an additional 38 days after April 4, 2017, because he is grieving the death of relatives, which he learned about two days before the deadline for filing his objections. Plaintiff has not established good cause for an extension of the deadline under Rule 6 of the Federal Rules of Civil Procedure. His own actions undermine his assertion that he needs additional time. Only a few days after filing his motion for more time, he filed a 44-page pretrial narrative statement (ECF No. 140). And he has filed four additional motions since that time (ECF Nos. 141, 142, 144, 145).

In addition, the Court has reviewed the R&R *de novo* and has determined that any objection would be futile. As noted in the R&R, Plaintiff has not demonstrated a substantial likelihood of success on his claims or irreparable harm in the absence of an injunction. Indeed, his requested relief does not apply to any of the claims or defendants that are remaining in this action. Furthermore, as discussed in the R&R, the public welfare generally militates against the issuance of a preliminary

injunction in the prison context. Thus, the Court agrees that Plaintiff has not demonstrated that a preliminary injunction is warranted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for recusal (ECF No. 92) and motion for an extension of time to file objections to the R&R (ECF No. 138) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the magistrate judge (ECF No. 137) is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motions for preliminary injunction (ECF Nos. 112, 128) are **DENIED**.


Dated: April 26, 2017				/s/ Gordon J. Quist
						GORDON J. QUIST
						UNITED STATES DISTRICT JUDGE