UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

MORRIS WEATHERSPOON #471817,

    Plaintiff,

v.                                                   Case No. 2:14-CV-108

JOHN THIBAULT, MICHAEL McDOWELL,        HON. GORDON J. QUIST
and KIM ESSLIN,

    Defendants.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff, Morris Weatherspoon, a prisoner currently incarcerated with the Michigan Department of Corrections, has sued Defendants, John Thibault, Michael McDowell, and Kim Esslin, alleging a claim under 42 U.S.C. § 1983 that Defendants violated Weatherspoon's First Amendment rights by retaliating against him for filing grievances against Defendants' co-workers. Weatherspoon alleges that Defendants retaliated against him by issuing a false misconduct ticket for possession of a weapon plus some related acts—e.g. being in a six man cell for 30 minutes. Weatherspoon's claim was tried to the Court on June 14, 2017. The Court heard testimony from Weatherspoon and Defendants and received exhibits from both parties.

The Court now issues its findings of fact and conclusions of law.

### FINDINGS OF FACT

The alleged retaliation occurred at Kinross Correctional Facility. Weatherspoon arrived at Kinross on September 11, 2012. Weatherspoon had previously been incarcerated at Chippewa Correctional Facility. On September 16, 2012, Defendant Thibault conducted a random search of

Weatherspoon's cell at Kinross and found an eight-inch homemade knife or "shank" in Weatherspoon's defined area of control. Defendant Thibault confiscated the shank, secured Weatherspoon's property, and notified Defendant Esslin. At 1815, or 6:15 p.m., Defendant Thibault wrote a misconduct report, stating that he found the shank at 1715, or 5:15 p.m. Soon thereafter, Defendant Esslin reviewed the misconduct ticket, but made a clerical error in writing the time of the review as 1709, or 5:09 p.m.

Following the incident, Defendant Esslin made arrangements for Weatherspoon to be taken to administrative segregation. Defendant McDowell, who was working in segregation that day, was identified on the misconduct ticket as the officer who was notified of Weatherspoon's transfer to segregation. At the time Weatherspoon was taken to segregation, he reported thoughts of self-harm to Defendant Esslin. Defendant Esslin notified healthcare about Weatherspoon's statements of self-harm.

Weatherspoon was placed in a six-man cell in segregation. Weatherspoon was not housed with any prisoner with a predator/sexual risk behavior prisoner or, if he was housed with such an inmate, no Defendant was aware of that fact. Weatherspoon remained in the six-man cell for about 30 minutes, after which time he was taken to healthcare and placed in an observation unit. Weatherspoon remained in the observation unit for about nine days. Weatherspoon was subsequently returned to segregation and, eventually, to the general population.

On September 25, 2012, a hearing was held on the misconduct ticket. Weatherspoon attended and pled not guilty. The hearing officer dismissed the misconduct for the following reason:

> There is no showing that the misconduct was reviewed within 24 hour [sic] pursuant to PD 03.03.105 which is required and the date and time the misconduct was written was 9-16-12 at 1815 hrs and the review time indicates it was done at 9-16-12 at 1720 hrs before the miscondut [sic] was written and there is no statement as to the correct review time and as a result the misconduct is dismissed.

2

(Defs.' Ex. B at 190.)[1] Defendant Esslin was not contacted by the hearings officer or the hearings investigator about the time discrepancy on the misconduct report. Had either individual contacted Esslin for an explanation, Esslin would have explained the error and the misconduct ticket likely would not have been dismissed.

Weatherspoon did not file any grievance between the date he arrived at Kinross and September 16, 2012, when Defendant Thibault found the shank. While at Chippewa, however, Weatherspoon had filed a substantial number of grievances and, for that reason, was placed on modified access for grievances. Defendants Thibault, Esslin, and McDowell were unaware of Weatherspoon's grievance history at Chippewa or any other facility when the events of September 16, 2012, occurred. There is no motive for any Defendant to have retaliated against Weatherspoon.

## CONCLUSIONS OF LAW

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to establish a First Amendment retaliation claim, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healty City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977)).

---

[1]Despite the clear language of the hearing officer, Weatherspoon continues to insist that he was found "not guilty" of having had a shank in the property under his control.

Weatherspoon's retaliation claim fails on the second and third elements. Although Weatherspoon engaged in protected conduct while at Chippewa, he has failed to prove that any Defendant took an adverse action against him. Defendant Thibault did not "plant" the shank in Weatherspoon's belongings, but instead found it during a random search. Defendant Esslin properly reviewed the ticket that Defendant Thibault wrote and mistakenly wrote the wrong time of the review on the misconduct ticket. Defendants Thibault and Esslin did not fabricate the misconduct ticket, and Weatherspoon may well have been convicted of the misconduct had Defendant Esslin been asked to explain the discrepancy in times. Defendant McDowell's only involvement was being the corrections officer who was notified of and handled Weatherspoon's placement in administrative segregation.

Weatherspoon also failed to show a causal connection to his prior grievance activity. Because Defendants did not know that Weatherspoon had previously filed grievances, their actions against Weatherspoon could not have been motived by Weatherspoon's protected activity.

## CONCLUSION

In sum, Weatherspoon has failed to prove that Defendants retaliated against him in violation of the First Amendment.

An appropriate judgment will enter.


Dated: June 20, 2017 　　　　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE